MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER
AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY
OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY
OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED
CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES
JUDICATA.

     At a stated term of the United States Court of Appeals for
the Second Circuit, held at the Thurgood Marshall United States
Courthouse, at Foley Square, in the City of New York, on the 22nd
day of December, two thousand and four.

PRESENT:

     Hon. John M. Walker, Jr.,
          Chief Judge,
     Hon. Robert D. Sack,
     Hon. Peter W. Hall,
          Circuit Judges.

------------------------------------------X

UNITED STATES OF AMERICA,

                    Appellee,

     - v. -
                                        No. 03-1415
WAYNE L. SINCLAIR,

                    Defendant-Appellant.

------------------------------------------X

APPEARING FOR APPELLANT:        JEREMIAH DONOVAN, Old Saybrook,
                                CT.

                                WAYNE L. SINCLAIR, pro se, Fort
                                Dix, NJ.

─ISSUED AS MANDATE: 5/13/05

APPEARING FOR APPELLEE: STEPHEN B. REYNOLDS, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, District of Connecticut, and William J. Nardini, Assistant United States Attorney, <u>on the brief</u>), Bridgeport, CT.

Appeal from the United States District Court for the District of Connecticut (Janet C. Hall, <u>Judge</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Wayne Sinclair appeals the June 27, 2003, judgment of the United States District Court for the District of Connecticut (Janet C. Hall, <u>Judge</u>) convicting him, after a jury trial, of violating 8 U.S.C. § 1326 by being in the United States without the United States Attorney General's consent after having been deported. The district court sentenced Sinclair to 92 months' imprisonment followed by 3 years' supervised release and ordered him to pay a special assessment of $100.

Sinclair raises numerous claims on appeal, none of which has merit. First, he argues that the district court wrongly admitted a copy of a page from a logbook maintained by the Jamaican constabulary that purported to record Sinclair's return to Jamaica after his deportation from the United States. Sinclair claims that the logbook's admission violated both the relevant evidentiary rules and the Confrontation Clause. The district court admitted the logbook pursuant to 18 U.S.C. § 3505, which exempts from the hearsay rule "foreign record[s] of regularly conducted activity" and provides for such records to be authenticated by means of a written declaration executed by the records' custodian and meeting statutory standards.

Sinclair raised in the district court his claim that the logbook was not properly authenticated. We review properly preserved evidentiary challenges, such as this claim of Sinclair's, for abuse of discretion. <u>United States v. Yousef</u>, 327 F.3d 56, 156 (2d Cir. 2003). It is unclear whether the district court properly applied 18 U.S.C. § 3505, which addresses the admissibility of foreign business records, to the Jamaican logbook. The logbook was maintained by the Jamaican government, and therefore arguably was the type of "public record" that is outside the scope of § 3505. See <u>United States v. Pluta</u>, 176

F.3d 43, 49 (2d Cir. 1999) (holding that "[p]assports qua passports are more properly characterized as public records than business records" and were therefore not covered by § 3505 because "that section deals with business records"). We need not decide this question, however, because any error in admitting the logbook was harmless in light of other overwhelming evidence that demonstrated that Sinclair was deported to Jamaica on December 9, 1997.

Because we find that any error in admitting the logbook was harmless, we also reject Sinclair's claims that its admission violated the rule against hearsay and the Confrontation Clause. Sinclair raised neither of these challenges at trial, and we therefore review them only for plain error. We will not correct even a plain error unless it "affects substantial rights" of the defendant-appellant. Johnson v. United States, 520 U.S. 461, 467 (1997) (internal quotation marks omitted). Harmless error does not affect substantial rights.

We reject Sinclair's frivolous challenge to the sufficiency of the evidence. As noted above, the government presented overwhelming independent evidence that Sinclair was deported to Jamaica on December 9, 1997. Sinclair comes nowhere near raising a colorable sufficiency challenge.

Sinclair argues that the district court wrongly excluded copies of his financial records from 1997 to 2003. Although the excluded documents may have been marginally relevant, the district court's exclusion of them was not manifestly erroneous.

Sinclair argues that the district court wrongly excluded a letter from a Jamaican detective that stated that the Wayne Sinclair who was deported to Jamaica on December 9, 1997, was living in Jamaica and working as a computer consultant as of 2003. The district court did not abuse its discretion in determining that the letter fit within no hearsay exception and Sinclair does not challenge that determination on appeal. Sinclair presses a new claim on appeal, which we review for plain error: that the letter should have been admitted as nonhearsay, to impeach the accuracy of Jamaican government records about returning deportees. The district court did not plainly err in refusing to admit the letter on this basis.

Sinclair's final evidentiary challenge is coupled with a challenge to a jury instruction. The district court admitted testimony that Sinclair tried to flee from state court when he learned that he might be held by the INS; the district court also instructed the jury as to what use it could make of evidence of Sinclair's attempted flight. Because Sinclair did not object at trial to the testimony about his attempted flight, we review his evidentiary challenge for plain error and find none.

3

It is unclear whether Sinclair objected to the jury instruction on flight, but even if we give Sinclair the benefit of the doubt and treat this claim as properly preserved, he does not prevail. The district court's instruction, which specifically cautioned that "[f]light does not create a presumption of guilt," reflected the correct legal standard. See United States v. Amuso, 21 F.3d 1251, 1259-60 (2d Cir. 1994).

Sinclair renews on appeal his collateral attack on the order that led to his deportation on December 9, 1997. Sinclair unsuccessfully raised this challenge below in a motion to dismiss the indictment. To succeed in such a collateral attack Sinclair must satisfy all three requirements of 8 U.S.C. § 1326(d), which provides that:

> an alien [i.e., a defendant making a collateral attack] may not challenge the validity of [a] deportation order . . . unless the alien demonstrates that — (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair.

Because Sinclair was not "improperly deprived . . . of the opportunity for judicial review" in the challenged deportation proceedings, his collateral attack necessarily fails and we need not consider the other two elements of the statute. As Sinclair concedes, he "appealed the deportation ruling twice to the BIA and twice to the Second Circuit." Br. for Def.-Appellant at 34. We are not persuaded by Sinclair's claim that he was effectively deprived of judicial review because the Second Circuit dismissed his initial appeal as untimely and this untimeliness was caused by ineffective assistance of counsel.

Sinclair challenges the district court's reliance on information from the Federal Bureau of Prisons and the United States Probation Office in determining that the entry of the deportation order was not fundamentally unfair. Because we uphold the district court's denial of Sinclair's motion to dismiss on the grounds that he was not improperly deprived of the opportunity for judicial review, we need not, and do not, consider whether the district court properly relied on the challenged information in assessing the deportation order's fairness.

Finally, Sinclair raises two challenges based on Blakely v. Washington, 124 S. Ct. 2531 (2004). First, he argues for the first time on appeal that his indictment was defective because it did not allege, as a separate element, that Sinclair had been convicted of an aggravated felony prior to his indictment for

CONN/NHCT
02-cr-308
HALL

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 22nd day of April, two thousand and five.

PRESENT:

    Hon. John M. Walker, Jr.,
                Chief Judge,
    Hon. Robert D. Sack,
    Hon. Peter W. Hall,
                Circuit Judges.

------------------------------------------X

UNITED STATES OF AMERICA,

        Appellee,

        v.                                No. 03-1415

WAYNE L. SINCLAIR,

        Defendant-Appellant.

------------------------------------------X

(FILED APR 22 2005, Roseann B. MacKechnie, Clerk, United States Court of Appeals Second Circuit)

    In light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), and this court's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), this case is remanded to the district court for further proceedings in conformity with Crosby.

    The disposition in the order previously issued in connection with this appeal is hereby made part of this order and is fully effective, except to the extent that it is inconsistent with the present remand in conformity with Crosby.

    Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. See Fed. R. App. P. 3, 4(b).

CERTIFIED: 5/13/05

A party will not waive or forfeit any appropriate argument on remand or on any appeal post-remand by not filing a petition for rehearing of this remand order.

The pending petition for rehearing and supplemental petition for rehearing are dismissed as moot.

FOR THE COURT:
Roseann B. MacKechnie, Clerk

By: *[signature]*
Richard Alcantara, Deputy Clerk

A TRUE COPY
Roseann B. MacKechnie, CLERK
by *[signature]*
DEPUTY CLERK