UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | 3-02-cr-308(JCH) |
| | : | |
| WAYNE SINCLAIR | : | DECEMBER 9, 2005 |

**RULING RE:  RESENTENCING [Dkt. No. 73]**

By Order filed April 22, 2005, the Second Circuit remanded this case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005).[1] The Crosby decision requires this court to consider whether it would have imposed "a materially different sentence, under the circumstances existing at the time of the original sentence, if [it] had discharged [its] obligations under the Post-Booker/Fanfan regime, and counsel had availed themselves of their new opportunities to present relevant considerations, . . ." .  Id. at 117.  Thus, if this court would have imposed essentially the same sentence, even while treating the Sentencing Guidelines as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless.  However, if this court determines that, treating the Guidelines as advisory and considering all of the factors under § 3553(a), it would have imposed a non-trivially different sentence then that originally imposed, then the court must schedule a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on June 15, 2005, that the

---

[1]  The Appellate Court had previously affirmed the conviction of the defendant in a Summary Order filed on December 22, 2004.

parties file written submissions on the question of whether this court would have imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory, and it had been allowed to consider all of the factors in § 3553(a).  In response to that Order, the government and the defendant each filed a Memorandum, (see Dkt. Nos. 72 and 73).

The court is familiar with the <u>Booker</u> and <u>Crosby</u> decisions.  In addition, the court presided at the trial of this matter and has a present recollection of the trial and the evidence presented there.  Further, the court has reviewed the Pre-Sentence Report, the sentencing transcript, and the two memorandums and material submitted post-remand.  Finally, the court is familiar with all the factors set forth at 18 U.S.C. §3553(a).

Sinclair was originally sentenced to 92 months of imprisonment upon his conviction by a jury of being found unlawfully in the United States after having been previously deported, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2).  The court concludes that, after consideration of all of these matters, that a re-sentencing is not called for.  In other words, had it known at the time of sentencing that the Guidelines were advisory and that it should consider them along with all the other factors in §3553(a) before imposing sentence, it would have sentenced Mr. Sinclair to the same sentence it did, 92 months imprisonment.  The court does so for primarily the reasons that were articulated at the original sentencing.  <u>See</u> Sentencing Transcript (6/23/03) at 73-75.

The court would determine the Sentencing Guidelines the same as they were originally determined in the initial sentencing, for a Guideline range of 92 to 115 months of imprisonment.  While considering all of the factors, the court is particularly informed

in this case by the need for deterrence.  Mr. Sinclair is a person who was expelled from

the United States and yet chose to return.  Once apprehended in this country, he lied,

including obstructing justice during the trial on this charge.  It is this court's conclusion

that the bottom of the Guideline range is sufficient, and should likely be adequate, to

deter Mr. Sinclair, when he is deported, from returning illegally to this country.  As the

court discussed during the original sentencing, it considered a sentence higher than 92

months, but specifically determined that 92 months was sufficient to serve the purposes

for sentencing "under the Guidelines and under the statute."  See Sentencing Transcript

(6/23/03) at 75.

After consideration of all of the §3553(a) factors, including treating the

Guidelines as a factor that is not mandatory, as well as the prior record, including the

pre-sentence report and the recently filed Memoranda, it is this court's conclusion that

there is no reason to order a re-sentencing in this case because, if one were ordered,

the sentence would be the same of that previously imposed.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 9th day of December, 2005.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge

- 3 -